LARSON, Respondent, v. MUNSON et al., Appellants.

(157 N. W. 318.)

(File No. 3902.   Opinion filed April 11, 1916.)

1.  **Appeals—Dismissal of Appeal—Appeal from Order Overruling Demurrer—Supersedeas Bond as Condition to Appeal—Proceedings Below Pending Appeal.**

    The giving of a supersedeas undertaking is not a condition to the right of appeal from the circuit court to the Supreme Court, even though the trial court ordered the giving of same; it is a privilege, not a duty. In absence of such bond the adverse party may proceed as though no appeal was pending, subject to any damages resulting to appellant through such further proceedings below.

2.  **Appeals—Dismissal of Appeal—Consent to Judgment on Demurrer After Appeal from Order Overruling, Effect—Moot Question.**

    Where defendant, after taking an appeal from an order overruling his demurrer to a complaint, without giving a supersedeas bond pursuant to an order of the trial court, consented to a judgment against him on the demurrer, for failure to give bond, held, that no present right is involved in the appeal, and only a moot question is presented thereby; and the appeal will be dismissed.

Appeal from Circuit Court, Minnehaha County.   Hon. JOSEPH W. JONES, Judge.

Action by Arne Larson, against Clarence Munson and

another, to recover upon a promissory note. From a judgment for plaintiff, defendants appeal. Appeal dismissed.

*Kirby & Kirby,* for Appellants.

*Parliman & Parliman,* for Respondent.

(1) To point one of the opinion, Appellants cited: Code Civ. Proc., Sec. 441; Sutton v. Con. Apex Min. Co., 12 S. D. 576.

Respondent cited: Code Civ. Proc., Sec. 453.

(2) To point two of the opinion Respondent cited: 3 Corpus Juris, pp. 360, 361, 362, 363, 671, 672, and notes at bottom; Napier v. Dildy (Okla.) 132 Pac. 1085; Board of Commrs. v. Scott, (Ind.) 49 N. E. 395.

WHITING, J.    This cause is before us upon a motion to dismiss the appeal herein. Action was brought to recover the amount due upon a promissory note. Defendant demurred to the complaint. The demurrer was overruled. The appeal was from the order overruling defendant's demurrer.

Defendant did not see fit to give a supersedeas bond and thus stay further proceedings in the trial court. Owing to such failure, plaintiff, long after the taking of the appeal herein, applied to the trial court for judgment. Such application was made upon notice to the defendant. Judgment was entered. The judgment recites:

"It appearing to the court that the plaintiff is entitled to judgment for the reason that defendants have appealed said case to the Supreme Court  *  *  *  and have failed, refused, and neglected to give a supersedeas bond or to in any manner secure or protect the plaintiff in said proceedings, as heretofore ordered by the court."

Said judgment also recites:

"On motion of *  *  *  plaintiff's attorneys, and the defendants consenting thereto, it is ordered and adjudged," etc.

The motion papers show that, upon such judgment, plaintiff has taken out an execution and levied upon property of defendant sufficient to pay the same.

[1] The present motion is based upon the above facts. Respondent seems to be of the opinion that appellant lost his right of appeal by neglecting to give a supersedeas bond as provided by law and the order of the trial court. We know of

no provision of our statute that prescribes the giving of a super-sedeas undertaking as a condition precedent to a right of appeal. The giving of such an undertaking is a privilege, and not a duty. If one is not given, the hand of the adverse party is not stayed, and he can proceed as though no appeal was pending, taking his chance, however, upon the appeal being successful and his being held for any damages that may have resulted to appellant through such further proceedings as he has taken.

[2] But in this case the appellant consented to judgment, thus completely removing any reason for an appeal and making the question presented upon such an appeal a purely moot question, and the case, as it now stands, a moot case not based upon any rights. Appellant having consented to the judgment, it must be presumed by this court that respondent was entitled thereto. It follows that appellant was not wronged by the overruling of his demurrer, and no right is now involved on this appeal.

The appeal is dismissed, without costs.